------------------------------------------------x
:
ALLEN MUISE                                     :
                        Plaintiff, :
        – against –                   :   12 Civ. 1317 (TPG)
ALLIED INTERSTATE, INC.                         :
                    Defendant.   :   **OPINION**
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/12

    In this action, plaintiff Allen Muise alleges that defendant Allied Interstate, Inc., placed repeated, harassing debt collection calls to plaintiff's home telephone in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1592 *et seq.* On July 26, 2012, plaintiff accepted defendant's offer of judgment in the amount of $500, plus reasonable costs and attorneys' fees.

    Plaintiff now moves for $3,425.50 in costs and fees. This figure is based upon 10.4 hours of work billed by attorneys and paralegals at Kimmel and Silverman, P.C. Staffing this case were partner Craig Kimmel ($425/hr), associate Amy Bennecoff ($300/hr), associate Jacob Ginsburg ($225/hr), paralegal Jason Ryan ($155/hr), and paralegal Pete Keltz ($80/hr).

## Discussion

    The starting point in determining an appropriate fee award is the so-called lodestar amount: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Healey v. Leavitt, 485 F.3d

1

63, 71 (2d Cir. 2007). To determine a reasonable hourly rate, the court looks to hourly rates commonly employed in district in which the court sits. See Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). But if the movant's counsel is based in a district that bills at a lower rate, the court should employ that lower rate. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 191 n.8 (2d. Cir. 2007).

Kimmel and Silverman is based in Ambler, Pennsylvania. In recent years, the firm has filed thousands of FDCPA cases in many nearby judicial districts. This case, like many of the firm's cases, settled prior to the opening of discovery for a small sum. The case presented no challenging legal issues and required relatively little expenditure of effort. In light of these considerations, the court will reduce the rates sought by plaintiff as follows: Kimmel, the most experienced attorney on the case, will be compensated at a rate of $200 an hour; Bennecoff, a senior associate, at $150 an hour; Ginsburg, a junior associate, at $100 an hour; and paralegals Keltz and Ryan at $50 an hour. These rates are more than adequate to ensure that firms like Kimmel and Silverman, P.C., will continue to bring meritorious FDCPA cases.

After reviewing the tasks performed by plaintiff's attorneys, the court finds them compensable, except insofar as Kimmel has charged an excessive amount of time for reviewing ECF filings. Accordingly, the court will deduct one hour from the total hours billed by Kimmel. The court has also reviewed the costs to be recovered and finds them compensable.

For the foregoing reasons, the court grants plaintiff's motion but reduces the award of fees and costs to $1625.00. This opinion resolves docket item number 12.

Dated:  New York, New York
        September 12, 2012

_____
Thomas P. Griesa
U.S.D.J.